# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERTA, <br><br> Plaintiff, <br><br>    v. <br> TIFFANI BUI, <br><br> Defendant. | Case No.:  24-cv-1695-DMS-BJC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On September 23, 2024, Plaintiff Maria Herta, proceeding pro se, filed a complaint against Defendant Tiffani Bui.  (Compl., ECF No. 1).  Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (Pl.'s Mot. to Proceed IFP ("Mot."), ECF No. 2).  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **DISMISSES** the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1]  *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5.  The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  The plaintiff must submit an affidavit demonstrating her inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).  "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life."  *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

This Court finds Plaintiff's affidavit of assets sufficient to show she is unable to pay the filing fee.  Accordingly, this Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  *See Beasley v. San Diego Cnty. Sheriff's Dep't*, 2023 WL 4918306, at *1 (S.D. Cal. Aug. 1, 2023) (declining to impose partial filing fee due to defendant's inability to pay).

## II.   SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court.  "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52 in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

### A. Plaintiff's Allegations

As best as the Court can decipher, Plaintiff sues Defendant for recommendations she made as a counselor in the Superior Court of San Diego's Family Court Services. (Compl. 2, Exhibit 1). Specifically, Defendant recommended that Marius Herta, the father of Plaintiff's child, retain sole legal custody. (*Id.* at Exhibit 1). Plaintiff alleges that Defendant "present[ed] a biased questionnaire", had an "incomplete understanding of [her] child's needs and past history", and "fail[ed] to consider [her] child's inability to focus and need for redirection". (*Id.* at 2).

### B. Legal Standard

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Analysis

Plaintiff has failed to satisfy the Rule 8 pleading standard. Plaintiff's terse complaint does not allege any cause of action and fails to "plausibly allege facts to support the elements of any cause of action." *Rashidiasl v. MEP*, 2023 WL 3728685 (S.D. Cal. May 30, 2023); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (explaining that Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case"). As pleaded, Plaintiff's Complaint does

not afford Defendant a fair opportunity to defend herself.   Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **DISMISSES** the Complaint without prejudice pursuant to the mandatory screening required by 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Within forty-five (45) days of the date of this Order, Plaintiff may file an amended complaint.  If Plaintiff files an amended complaint, she must state a cause of action and present facts sufficient to plausibly allege that cause of action.  *See Bautista*, 216 F.3d at 840–41.

**IT IS SO ORDERED.**

Dated:  October 9, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court