**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA HERTA,

Plaintiff,

v.

TIFFANI BUI,

Defendant.

Case No.: 24-cv-01695-DMS-AHG

**ORDER SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT**

On November 13, 2024, Plaintiff Maria Herta, proceeding *pro se*, filed a Second Amended Complaint ("SAC") against Defendant Tiffani Bui, a Family Court Counselor. (Second Am. Compl. ("SAC"), ECF No. 7 at 1–2). Plaintiff brings constitutional and state-law claims arising from Defendant's work on a custody dispute over Plaintiff's minor child in the San Diego Superior Court. (*Id.* at 2, 6–8). As Plaintiff is proceeding *in forma pauperis* ("*IFP*"), the Court is required to screen the SAC pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the Court *sua sponte* dismisses Plaintiff's SAC without further leave to amend.

## I. BACKGROUND

Plaintiff alleges that Defendant violated her rights while serving as a Family Court Counselor in a custody dispute between Plaintiff and her child's father, involving an order granting the father sole legal custody and requiring Plaintiff's visits with the child to be

supervised. (SAC 2, 4). Plaintiff alleges that prior to making recommendations in the custody matter, Defendant conducted a "private or secret interview" with her minor child and failed to examine text messages and statements from the child's father which contradicted other evidence. (*Id.* at 4–5). Plaintiff further alleges that Defendant failed to properly notify Plaintiff of the terms of an October 2022 custody order which resulted in Plaintiff being accused of kidnapping her child in May 2023. (*Id.* at 5). Plaintiff states that on May 21, 2023, her minor child told his teacher that his father had physically hit him and sent an email "indicating significant distress, including symptoms such as headaches, inability to speak, and inability to walk." (*Id.* at 3). Plaintiff alleges that Defendant failed to investigate or report these allegations. (*Id.*). Plaintiff alleges that on that same day, her child's medical records indicated there was a "behavior issue conflict parent-child," but that Defendant failed to review or address the records. (*Id.*).

On September 23, 2024, Plaintiff filed this action with a Motion to Proceed *IFP*. (ECF Nos. 1–2). Plaintiff subsequently filed a First Amended Complaint ("FAC") as a matter of right. (ECF No. 3). On October 9, 2024, the Court granted Plaintiff's *IFP* Motion, but dismissed the FAC without prejudice for failing to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); (ECF No. 4). On November 5, 2024, Plaintiff filed a Motion for Leave to Electronically File Documents, which the Court denied. (ECF Nos. 5, 6). Plaintiff then filed her SAC. (ECF No. 7). On December 17, 2024, Plaintiff again moved for permission to electronically file, which the Court granted. (ECF Nos. 8, 9). On October 16, 2025, Plaintiff filed a Notice of Filing of New Evidence, requesting that the Court take judicial notice of a letter from the Board of Behavioral Sciences confirming that Defendant is not a licensee or registrant of the Board. (ECF No. 14). Plaintiff now asserts five claims. (SAC 6–8). The first cause of action is a Fourteenth Amendment claim brought through 42 U.S.C. § 1983, alleging that Defendant violated Plaintiff's rights to due process and family integrity. (*Id.* at 6–7). The second cause of action alleges that "Defendant violated California Penal Code § 11166 by failing to report suspected child abuse or investigate the

allegations." (*Id.* at 7). The third cause of action is for negligence and professional misconduct for "failure to properly investigate parental alienation, consider all relevant evidence, and ensure the child's best interests were protected." (*Id.* at 7). The fourth cause of action is a First Amendment claim alleging that "Defendant's secret interview with Plaintiff's child . . . interfered with Plaintiff's First Amendment rights, including the fundamental right to raise her child according to her values and beliefs." (*Id.* at 7). The fifth cause of action is a due process claim for failure "to provide Plaintiff with full access to the information related to her child's case." (*Id.* at 8).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

## III. DISCUSSION

The Court examines each cause of action to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief.

### A. Constitutional Claims

Plaintiff's first, fourth, and fifth causes of action are constitutional claims brought against Defendant in her official and individual capacities under § 1983. (SAC 6–8). A claim for damages brought "against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). As States are not "persons" subject to suit under § 1983, Plaintiff's official-capacity claims fail as a matter of law. *Peter-Palican v. Gov't of N. Mar. I.*, 695 F.3d 918, 919 n.1 (9th Cir. 2012).[1] Although *Ex parte Young* "authorizes suits against state officials in their official capacities for injunctive relief addressing ongoing violations of federal law . . . [,] 'an injunction against a state court would be a violation of the whole scheme of our government.'" *D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *2 (9th Cir. Feb. 27, 2025) (quoting *Ex parte Young*, 209 U.S. 123, 163 (1908)). Plaintiff's request for an order

[1] Although Plaintiff alleges Defendant is "employed by the San Diego County," Family Court Services is a program of the San Diego Superior Court, which is an arm of the State for Eleventh Amendment purposes. (SAC 2; *see* ECF No. 4 at 3); *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see* Cal. Fam. Code § 3160 (West 2026) ("Each superior court shall make a mediator available."). Even accepting Plaintiff's characterization, in an official-capacity suit against a municipal employee "the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (listing the elements of a *Monell* claim). Here, Plaintiff has not alleged the existence of a policy or custom that would enable her to seek damages against Defendant in her official capacity.

"compelling Defendant to review and correct her conduct in future custody mediations" would "effectively requir[e] state courts to adjudicate cases in specific ways, contrary to *Young* and *Whole Woman's Health*." *Id.* (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). Furthermore, Plaintiff's individual-capacity theory fails because Defendant is shielded by quasi-judicial immunity. This immunity extends to individuals who perform "functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." (citation modified)). Here, all of the acts Plaintiff challenges were undertaken by Defendant in the custody dispute process, culminating in a recommendation to the Superior Court. (SAC 3–6). Accordingly, Defendant is entitled to quasi-judicial immunity for her alleged actions in this case. *See, e.g.*, *Hutchinson v. S.D. Superior Ct.*, No. 19-cv-59-GPC(NLS), 2019 WL 211979, at *4 (S.D. Cal. Jan. 16, 2019) (applying quasi-judicial immunity to a San Diego Superior Court Family Court Services mediator). For those reasons, Plaintiff's § 1983 claims are dismissed.

**B. Section 11166**

Plaintiff's second cause of action alleges that "Defendant violated California Penal Code § 11166 by failing to report suspected child abuse or investigate the allegations." (SAC 7). However, section 11166 "is a criminal statute and does not authorize a private right of action." *Risley v. Church of Jesus Christ of Latter Day Saints*, 823 F. Supp. 3d 1069, 1084 (C.D. Cal. 2026) (quoting *A. H. v. W. Contra Costa Unified Sch. Dist.*, No. 22-cv-03233-AMO, 2023 WL 6390621, at *7 (N.D. Cal. Sept. 28, 2023)); *accord Brown v. Dep't of Just.*, No. C098572, 2024 WL 3082230, at *4 (Cal. Ct. App. June 21, 2024) (unpublished). Plaintiff's second cause of action is therefore dismissed.

**C. Negligence and Professional Misconduct**

Plaintiff's third cause of action is for negligence and professional misconduct alleging that Defendant failed to "properly investigate parental alienation, consider all

relevant evidence, and ensure the child's best interests were protected." (SAC 7). As with federal law, California extends immunity to "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process" including "mediators, neutral factfinders, and others who function apart from the courts but are engaged in neutral dispute resolution" and "individuals who serve functions integral to the judicial process and act as arms of the court," such as "therapists, evaluators, probation officers . . . , and psychiatrists involved in terminating parental rights." *Vergara v. Ouse*, 339 Cal. Rptr. 3d 897, 901–02 (Cal. Ct. App. 2025) (citation modified). Similar to federal quasi-judicial immunity, this protection is absolute, applying no "matter how erroneous or even malicious or corrupt [the alleged actions] may be." *Id.* at 905 (emphasis omitted). As previously explained, all of Defendant's alleged wrongdoing took place as part of the custody dispute process and she is therefore entitled to quasi-judicial immunity. (SAC 3–6). Accordingly, this cause of action is dismissed.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Second Amended Complaint does not survive § 1915(e)(2) screening. "Courts should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Spencer v. City of San Diego*, No. 23-cv-771-GPC-BLM, 2023 WL 7555311, at *3 (S.D. Cal. Nov. 14, 2023) (citation modified); Fed. R. Civ. P. 15(a) (courts should "freely give leave [to amend] when justice so requires."). Here, Plaintiff has twice amended her Complaint and the identified deficiencies cannot be cured by amendment. (ECF Nos. 1, 3, 7). Therefore, the SAC is **DISMISSED** without leave to amend. The Clerk of Court is instructed to close this case.[2]

[2] The request for judicial notice in Plaintiff's Notice of Filing of New Evidence is **DENIED AS MOOT**. (ECF No. 14).

**IT IS SO ORDERED.**

Dated: July 27, 2026

Hon. Dana M. Sabraw
United States District Judge